**Samuel MARTINEZ**

v.

**UNITED TECHNOLOGIES CORPORATION, PRATT & WHITNEY AIRCRAFT DIVISION.**

**No. 3:97CV2471AHN.**

United States District Court,
D. Connecticut.

May 12, 1999.

Jonathan B. orleans, Sarah W. Poston, Zeldes, Needle & Cooper, Bridgeport, CT, for Plaintiff.

Samuel Martinez, Southington, CT, Pro se.

Albert Zakarian, Keith S. Marks, Day, Berry & Howard, Hartford, CT, for Defendant.

*RULING ON MOTION FOR SUMMARY JUDGMENT*

NEVAS, District Judge.

The plaintiff, Samuel Martinez ("Martinez"), brings this action against the defendant, United Technologies Corporation, Pratt & Whitney Aircraft Division ("Pratt & Whitney"), pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e to 2000e–17 ("Title VII"), alleging a discriminatory failure to promote based on his race and ancestry.[1]

Now pending before the court is Defendant's Motion for Summary Judgment. For the reasons set forth below, the motion [doc. # 25] is GRANTED.

*STANDARD OF REVIEW*

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material

---

1. On February 5, 1999, the court granted Martinez's motion to substitute Attorney Neal Ossen, Trustee of Martinez's bankruptcy estate, as the plaintiff in this case. For pur-
poses of convenience, however, the court will continue to refer to Martinez as the plaintiff throughout this ruling.

fact to be tried and that the moving party is entitled to judgment as a matter of law. *See* Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking summary judgment bears the burden of showing that no material factual dispute exists. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). After discovery, if the nonmovant "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The substantive law governing the case identifies those facts that are material on a motion for summary judgment. *See Anderson,* 477 U.S. at 258, 106 S.Ct. 2505. A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." *Miner v. Glens Falls,* 999 F.2d 655, 661 (2d Cir.1993) (citation and internal quotation marks omitted). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Aldrich v. Randolph Cent. Sch. Dist.,* 963 F.2d 520, 523 (2d Cir.1992) (citation and internal quotation marks omitted).

In assessing the record to determine whether a genuine dispute as to a material fact exists, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmovant. *See Anderson,* 477 U.S. at 255, 106 S.Ct. 2505; *Kerzer v. Kingly Mfg.,* 156 F.3d 396, 400 (2d Cir.1998) (citation omitted). Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.1991).

### FACTS

On September 25, 1978, Martinez commenced working for Pratt & Whitney.

(*See* Statement of Undisputed and Material Facts in Supp. of Def.'s Mot. for Summ. J. ¶ 1 [hereinafter "Def.'s Stat."].) Because Martinez is a member of the International Association of Machinists and Aerospace Workers (the "Union"), his employment at Pratt & Whitney is governed by a collective bargaining agreement (the "CBA"). (*See id.* ¶ 2.)

Martinez initially worked in the maintenance department, a Labor Grade ("LG") 11 position, at the company's Southington, Connecticut facility. (*See id.* ¶ 4.) Martinez, however, received progressive promotions throughout his career at Pratt & Whitney. On October 26, 1978, Pratt & Whitney promoted Martinez to an LG 10 position in the maintenance department. (*See id.*) On September 24, 1979, he was elevated to an LG 9 and attained the position of Parts Inspector B. (*See id.*) On April 7, 1980, the company named Martinez a Parts Inspector A, which raised his level to an LG 7. (*See id.*) On June 17, 1991, Pratt & Whitney appointed Martinez to the LG 6 position of Quality Assurance Inspector. (*See id.*)

Sometime in 1994, Pratt & Whitney announced its intention to shut down its Southington plant. (*See id.* ¶ 5.) At the end of 1994, as a result of an agreement between Pratt & Whitney and the Union governing the replacement of workers at the Southington plant, Pratt & Whitney transferred Martinez to its Middletown, Connecticut facility. (*See id.*) On January 2, 1995, Martinez commenced working at the Middletown plant as a Quality Assurance Inspector. (*See id.*)

On April 3, 1995, Pratt & Whitney transferred Martinez to its Cheshire, Connecticut facility as part of the company's continuing reorganization. (*See id.* ¶ 6.) Pratt & Whitney named Martinez an LG 6 Engine and Parts Inspector in Occupational Group 461 ("Group 461"). (*See id.*) Bob Bebrin ("Bebrin") supervised Martinez throughout 1995, while John McDonough

("McDonough") became Martinez's supervisor in 1996. (*See id.* ¶ 7.)

The CBA provides, in pertinent part, that "[w]henever promotions are made to higher-rated jobs ... they shall be made on the basis of the most senior qualified employee in the line of progression in the occupational group in which the promotion is made." (Aff. of Edward Duffy in Supp. of Def.'s Mot. for Summ. J. Ex. C at 19 (reproducing copy of CBA) [hereinafter "Duffy Aff."].) In order to properly determine its needs for promotions to lower-grade positions, Pratt & Whitney's business practice is to "make promotions in higher paid, lower-grade positions before lower paid, higher-grade positions." (Def.'s Stat. ¶ 8.) On April 8, 1996, forty-six employees in Group 461 were promoted from LG 4 to LG 2. (*See id.* ¶ 8.) On April 29, 1996, McDonough advised Martinez that he had been promoted to the LG 4 position of Overhaul and Repair Inspector. (*See id.* ¶ 9.)

Shortly thereafter, Pratt & Whitney promoted six other individuals to LG 2 in Group 461. Three of these individuals were more senior than Martinez. (*See id.* ¶¶ 11, 13, 16.) The other three promoted employees, though, had been working at Pratt & Whitney for less time than Martinez. (*See id.* ¶¶ 12, 14–15.) On June 3, 1996, a white employee ("employee one") in Group 461, with a seniority date of June 28, 1979, and forty-five months of experience as an LG 4, received a promotion to LG 2. (*See id.* ¶ 12.) Employee one's promotion resolved a March 14, 1996 grievance which contended that Pratt & Whitney had promoted less senior employees than employee one to LG 2 on April 8, 1996. (*See id.*) On June 24, 1996, another white employee ("employee two") in Group 461, with a seniority date of March 22,

1979, and fifty-six months of experience as an LG 4, received a promotion to LG 2. (*See id.* ¶ 14.) This promotion settled employee two's April 25, 1996 grievance in which he claimed that Pratt & Whitney had promoted less senior employees than him on April 8, 1996. (*See id.*) Also on June 24, 1996, Pratt & Whitney promoted an Asian/Pacific Island employee ("employee three") in Group 461 to LG 2. (*See id.* ¶ 15.) Employee three had a seniority date of May 31, 1988, and possessed fifty-four months of experience as an LG 4. (*See id.*) Employee three's promotion settled an April 11, 1996 grievance in which he complained that less senior employees had been promoted by Pratt & Whitney on April 8, 1996. (*See id.*)

On June 18, 1996, Martinez filed two grievances, pursuant to the CBA, demanding a promotion to LG 2. (*See id.* ¶ 10.) He filed a third grievance on July 1, 1996. (*See id.*) Pratt & Whitney denied each of these grievances. (*See* Duffy Aff. Exs. D, E & F.)

On August 25, 1997, Pratt & Whitney promoted Martinez to LG 2. (*See* Def.'s Stat. ¶ 18.) On November 25, 1997, Martinez commenced this action.

## DISCUSSION

Pratt & Whitney maintains that Martinez cannot establish a Title VII claim as a matter of law. Martinez disputes this assertion and argues that the existence of genuine and material factual issues precludes summary judgment. The court holds that Martinez cannot make out a *prima facie* case of discriminatory failure to promote, and therefore, Pratt & Whitney's summary judgment motion must be granted.[2]

---

2. Pratt & Whitney originally argued in the alternative that its motion should be granted because the court lacked subject matter jurisdiction over this action. At oral argument, however, Pratt & Whitney conceded that its challenge to subject matter jurisdiction no longer possessed merit because of the Su-

preme Court's holding in *Wright v. Universal Maritime Serv. Corp.,* 525 U.S. 70, 119 S.Ct. 391, 142 L.Ed.2d 361 (1998). In light of this concession and based on the court's belief that subject matter jurisdiction is proper, the court declines to address this issue.

## I. *Title VII Claim*

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e–2(a)(1) (West 1994).

To sustain a claim of discrimination based on race or ancestry pursuant to Title VII, a plaintiff must satisfy the three-part burden-shifting test of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), as interpreted by *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506–08, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Under this test, the plaintiff has the initial burden of establishing a *prima facie* case of discrimination. *See McDonnell Douglas,* 411 U.S. at 801, 93 S.Ct. 1817. If the plaintiff meets this burden, the burden shifts to the defendant "to articulate some legitimate non-discriminatory reason" for the challenged employment action. *See id.; Hicks,* 509 U.S. at 507, 113 S.Ct. 2742. Finally, should the defendant meet this burden of production, the plaintiff must then prove by a preponderance of the evidence that the legitimate reason offered by the employer is merely a pretext for discrimination. *See McDonnell Douglas,* 411 U.S. at 804, 93 S.Ct. 1817; *Burdine,* 450 U.S. at 252–53, 101 S.Ct. 1089.

To establish a *prima facie* case under Title VII, a plaintiff must demonstrate that: (1) he belongs to a protected class; (2) he was qualified for the position; (3) despite these qualifications, he suffered an adverse employment decision; and (4) the decision occurred under circumstances giving rise to an inference of discrimination based on his membership in the protected class. *See Ramseur v. Chase Manhattan*

*Bank,* 865 F.2d 460, 464 (2d Cir.1989); *Newman v. Montefiore Med. Ctr.,* No. 96 CIV. 2687(RWS), 1996 WL 741599, at *4 (S.D.N.Y. Dec.27, 1996). "A plaintiff's burden to establish a *prima facie* case of discrimination is *de minimis.*" *Kerzer,* 156 F.3d at 401 (citations omitted).

### A. *Martinez's Prima Facie Case*

For purposes of deciding this motion, the court assumes that the first three elements of Martinez's *prima facie* case have been satisfied. Thus, the sole question facing this court is whether Pratt & Whitney denied Martinez a promotion under circumstances giving rise to an inference of discrimination.

Martinez premises his Title VII claim on the fact that Pratt & Whitney promoted three less senior employees than him to the position of LG 2 shortly before July 17, 1996. (*See* Am. Compl. ¶¶ 13–14.) The undisputed facts reveal that these three employees were neither Hispanic nor of Puerto Rican ancestry. (*See* Def.'s Stat. ¶¶ 12, 14–15.) Despite this fact, Pratt & Whitney asserts that Martinez cannot make out a *prima facie* case under Title VII. Specifically, Pratt & Whitney argues that because Martinez was not similarly situated to these three employees, he cannot show that he was denied a promotion under circumstances giving rise to an inference of discrimination. The court agrees.

The Second Circuit recognizes that the fourth element of a *prima facie* case may be satisfied by demonstrating that the plaintiff was treated differently from "similarly situated" employees. *Shumway v. United Parcel Serv., Inc.,* 118 F.3d 60, 64 (2d Cir.1997) (citation omitted); *see also Mitchell v. Toledo Hosp.,* 964 F.2d 577, 583 (6th Cir.1992); *Cunliffe v. Sikorsky Aircraft Corp.,* 9 F.Supp.2d 125, 131 (D.Conn. 1998). "To be 'similarly situated,' the individuals with whom [plaintiff] attempts to

compare [himself] must be similarly situated in all material respects." *Shumway*, 118 F.3d at 64 (citation omitted); *see also Lapsley v. Columbia Univ.—College of Physicians & Surgeons*, 999 F.Supp. 506, 518 (S.D.N.Y.1998).

A comparison of Martinez to employees one, two and three reveals material differences that compel a finding that these individuals were not similarly situated. It is dispositive that these three employees were promoted to LG 2 in order to resolve grievances they had filed before Martinez even became an LG 4. Significantly, employees one, two and three's tenure as LG 4's made them eligible for promotion to LG 2 on April 8, 1996.[3] Because Martinez was still an LG 6 at that time, he could not even be considered for such a promotion. More importantly, unlike Martinez, employees one, two and three were all passed over for promotions to LG 2 on April 8, 1996, and filed grievances complaining about this fact. Each of these grievances was filed prior to Martinez's promotion to LG 4. (*See* Duffy Aff. Exs. H, J & K.) Finally, unlike Martinez, employees one, two and three received promotions to LG 2 to resolve their grievances related to the April 8, 1996 promotion. The fact that these employees' promotions evolved out of a grievance process related to a promotion Martinez was not even eligible for is a material difference which undercuts Martinez's claim that employees one, two and three were similarly situated to him. Thus, Martinez cannot demonstrate that he was passed over for a promotion under circumstances giving rise to an inference of discrimination.[4]

## CONCLUSION

Based on the foregoing analysis, the Defendant's Motion for Summary Judgment [doc. # 25] is GRANTED. The Clerk is directed to close this case.

---

3. Employees one, two and three were promoted to LG 4 well before Martinez and had worked in this position much longer than him. While Martinez possessed merely two months time as an LG 4 when he sought a promotion to LG 2 on June 18, 1996, employees one, two and three possessed forty-five, fifty-six and fifty-four months of experience, respectively.

4. Martinez relies on two other grounds to establish the fourth element of his *prima facie* case. First, he argues that Pratt & Whitney's past treatment of him supports an inference that he was denied a promotion on account of his race and ancestry. Specifically, Martinez looks to Pratt & Whitney's conduct during Martinez's previous promotion request in 1995. (*See* Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J. at 17 [hereinafter "Pl.'s Opp'n"].) This court has previously held that these allegations were time-barred and inadmissible at trial because Martinez could not demonstrate a continuing violation under Title VII. *See Martinez v. United Techs. Corp.*, *Pratt & Whitney Aircraft Div.*, Civ. No. 3:97CV2471(AHN), 1998 WL 342043, at *3 (D. Conn. June 17, 1998). Because Martinez provides no basis for the court to reconsider its prior decision, his reliance on this evidence is inappropriate.

Martinez also contends that an inference of discrimination arises out of Pratt & Whitney's purported inconsistent application of its promotion policy. Martinez claims that a question exists as to whether Pratt & Whitney considers seniority and qualifications or simply seniority when making a promotion decision. This argument need not detain the court long. Even assuming that Pratt & Whitney relies solely on seniority when making promotion decisions, there is no evidence that Pratt & Whitney promoted any less senior *similarly situated* employees before Martinez. As such, Martinez's reliance on this factor does not give rise to an inference of discrimination.